**Debra HANDELMAN–SMITH, As Administratrix of the Estate of Patrick Anthony Smith, Plaintiff,**

**v.**

**Thomas PECK and Gerard Flaherty, Individually and as Massachusetts State Police Officers, Defendants.**

**Civ. A. No. 89–2634–S.**

United States District Court,
D. Massachusetts.

March 29, 1990.

Stephen Hrones, Hrones & Harwood, Boston, Mass., for plaintiff.

Timothy M. Burke, Boston, Mass., for defendants.

## MEMORANDUM ON JURISDICTION AND ORDER OF REMAND

SKINNER, District Judge.

The plaintiff filed this action in the Superior Court of Massachusetts, Suffolk Coun-

---

ty, against two state troopers and their employer, the Commonwealth of Massachusetts. The complaint alleged that the troopers gunned down the plaintiff's decedent in violation of his civil rights. 42 U.S.C. §§ 1981 and 1983; Mass.Gen.L. ch. 12, § 11I. The complaint also claimed a right to recover from the Commonwealth under the Massachusetts Tort Claims Act, Mass.Gen.L. ch. 258, § 2, Civil Rights Act, Mass.Gen.L. ch. 12, § 11I, and Wrongful Death Act, Mass.Gen.L. ch. 229, § 2.

The troopers filed a notice of removal to this court under 28 U.S.C. § 1446. It is unclear from this notice how much of the action the defendants intended to remove. The notice refers to "the action" as being removable but discusses only the Section 1983 claim. The troopers point out that the Commonwealth is not subject to suit under Section 1983, perhaps to justify its failure to join in the removal. The record certified to this court suggests that the Superior Court is treating the entire case as having been removed from its jurisdiction, and that may be the effect of 28 U.S.C. § 1446(d). This memorandum clarifies the jurisdiction of both courts in this matter.

 This court does not have jurisdiction over the claims against the Commonwealth. For one thing, the Commonwealth did not join in the notice of removal. Even if it had done so, the claims against it are not within the original jurisdiction of the federal courts and are not removable. No federal right is asserted against the Commonwealth. Section 1983 cannot be the basis for pendent jurisdiction over related claims against a state. *Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976). This is so even where jurisdiction is premised on the removal statute. *Charles D. Bonanno Linen Service, Inc. v. McCarthy*, 708 F.2d 1 (1st Cir.1983).

The next question is how much of the case against the troopers has been removed. The pendent state claims are removable but in my discretion might have been left for resolution by the Superior Court along with the claims against the Commonwealth. The state claims were not mentioned in the notice of removal or any

motion to remand. Under these circumstances, for the purpose of judicial economy I shall retain jurisdiction over as much of the case as is permitted by Section 1441, which in my opinion includes the state claims against the troopers arising out of the same operative facts as the federal claims. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

Accordingly, I rule that this court has jurisdiction over all claims, whether state or federal, against defendants Thomas Peck and Gerard Flaherty. This court is without jurisdiction over the claims against the Commonwealth of Massachusetts, and that portion of the plaintiff's action remains in the jurisdiction of the Superior Court. If necessary, this ruling shall be construed as an order of remand. A certified copy of this memorandum shall be sent to the clerk of the court from which the action was removed.